IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01118-BNB

BRETT MATHEW LATTIN,

    Plaintiff,

v.

FEDERAL BUREAU OF PRISONS,
FPC FLORENCE COLORADO,
FEDERAL BUREAU OF INVESTIGATION, and
COLORADO SPRINGS,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Brett Lattin, is in the custody of the Federal Bureau of Prisons and is incarcerated at FCI-Texarkana, in Texarkana, Texas.  Mr. Lattin has filed *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), asserting a deprivation of his constitutional rights.

    Mr. Lattin alleges in the Complaint that while he was incarcerated at the Federal Prison Camp (FPC) in Florence, Colorado, he entered into a contract with the Federal Bureau of Investigation.  Under the terms of the agreement, Mr. Lattin would provide to the FBI the names of correctional officers who were bringing contraband into the facility, and in exchange Mr. Lattin was to receive a sentence reduction, pursuant to Fed. R. Crim. P. 35, and financial compensation.  Mr. Lattin further alleges that a correctional officer at the FPC discovered his cooperation with the government and assaulted him.

For relief, he asks that he be released from prison immediately and be awarded compensatory damages as a result of being assaulted by a correctional officer.

This is a hybrid action in which Mr. Lattin alleges a deprivation of his civil rights and challenges the government's failure to request a sentence reduction, pursuant to the terms of a cooperation agreement. To the extent Mr. Lattin intends to pursue claims against the Defendants for violation of his constitutional rights under *Bivens*, he is required to pay a $350.00 filing fee or show cause why he is unable to make the payment. *See* D.C.COLO.LCivR 3.3 and Schedule of Fees (Appendix C); 28 U.S.C. § 1915.

In an August 6, 2012 Order, Magistrate Judge Boyd N. Boland granted Mr. Lattin leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Based on the information he provided about his financial status, the court found that Mr. Lattin was able to pay an initial partial filing fee of $239.00 pursuant to § 1915(b)(1). Mr. Lattin was ordered to pay the initial partial filing fee within thirty (30) days from the date of the August 6 Order or show cause why he has no assets and no means by which to pay the designated initial partial filing fee. Mr. Lattin was advised that in order to show cause, he must file a current certified copy of his trust fund account statement. He was warned that if he failed to have the designated initial partial filing fee sent to the clerk of the court within the time allowed, or to show cause as directed above, the Prisoner Complaint would be dismissed without further notice.

Mr. Lattin has now failed to either pay the initial partial filing fee within the time allowed, as designated in the August 6, 2012 Order, or, in the alternative, to show cause why he has no assets and no means by which to pay the designated fee. Plaintiff

has not filed anything with the Court since August 2, 2012.  Accordingly, the Court will dismiss the Complaint without prejudice for failure to pay the initial partial filing fee applicable to the civil rights claims.  To the extent Mr. Lattin challenges the legality of his detention, he may file a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999)

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint and this action are dismissed without prejudice for Mr. Lattin's failure either to pay an initial partial filing fee of $239.00 (applicable to his civil rights claim) or to show cause why he has no assets and no means by which to pay the designated fee.  It is

FURTHER ORDERED that all pending motions are denied as moot. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  Plaintiff may file a motion in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   19th   day of    September    , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court